EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
BRIAN C. KINNEY, State Bar No. 245344
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5255
  Fax: (415) 703-5843
  Email: Brian.Kinney@doj.ca.gov

Attorneys for Respondent Ben Curry, Current Warden at the Correctional Training Facility

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **PEDRO FELICIANO,**<br><br>            Petitioner,<br><br>v.<br><br>**BEN CURRY, Warden,**<br><br>            Respondent. | C 07-4713 CW<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Claudia Wilken |

TO PETITIONER PEDRO FELICIANO, IN PRO PER:

PLEASE TAKE NOTICE that Respondent moves to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that the petition is brought beyond the statute of limitations. This motion is based on the notice and motion, the supporting memorandum of points and authorities and exhibits, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner Pedro Feliciano is a California state prisoner proceeding pro per in this matter. Feliciano is lawfully in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving twenty-seven years to life following his convictions for first-degree murder, and attempted murder. (Ex. A, Abstract of Judgment.) In this Petition, Feliciano challenges the Board of Parole Hearings' August 31, 2005 decision denying him parole. (Pet. at p. 10.) This Petition should be dismissed because Feliciano filed it beyond the one-year statute of limitations.

## ARGUMENT

### THE PETITION SHOULD BE DISMISSED BECAUSE IT WAS FILED AFTER THE ONE-YEAR STATUTE OF LIMITATIONS LAPSED.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all federal petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Accordingly, AEDPA applies to this petition.

AEDPA enacted a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, 28 U.S.C. § 2244(d)(1), only one of which is relevant to this case. *See id.*; *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding sub-paragraph D of 28 U.S.C. § 2244(d)(1) applies to a habeas petition challenging an administrative parole denial).

Specifically, the one-year limitations period begins to run one day after the date the petitioner could have discovered the "factual predicate" of his federal habeas corpus claim. *Redd*, 343 F.3d at 1082. "[T]he date of the 'factual predicate' . . . is determined independently of the exhaustion requirement by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." *Id.* In the parole context, the decision to deny parole is the factual predicate of petitioner's claim that the denial violated his due process rights. *See id.* (holding that the parole board's decision affirming denial of parole was

factual predicate of petitioner's claim that the decision violated due process).

Here, the Board's decision became final on December 29, 2005, approximately four months after the Board's tentative August 31, 2005 denial. (Ex. B, Parole Hearing Transcript, at p. 43.) Accordingly, the factual predicate of Feliciano's federal claim arose on December 29, 2005, and the limitations period began to run the following day.

Feliciano filed his petition in this Court on September 13, 2007 — 622 days after the limitations period began. Thus, unless the statute of limitations is tolled, Feliciano's petition is time barred.

### A. Feliciano Is Not Entitled to Statutory Tolling for His 344-Day Filing Delay.

Under AEDPA, the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Generally, this means that the one-year statute of limitations is tolled from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2006). However, the United States Supreme Court has clarified that "only a *timely* appeal tolls AEDPA's 1-year limitations period," and "in California, 'unreasonable' delays are not timely." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (italics original) (interpreting holding in *Saffold*, 536 U.S. 214).

In *Chavis*, there was an unexplained six-month delay between the petitioner's California Court of Appeal denial and his subsequent petition for review to the California Supreme Court. *Id.* at 201. The Court held that "[s]ix months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. . . .We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay reasonable." *Id.* (citing *Carey v. Saffold,* 536 U.S. 214, 219 (2002)). Given the absence of clear direction for the term "reasonable time," the Court also invested the federal courts with the role of conducting a case-by-case determination to interpret this phrase. *Culver v. Dir. of Corr.*, 450 F.Supp.2d 1137, 1140 (C.D.

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.

*Feliciano v. Curry*
C 07-4713 CW

3

Cal. 2006) (citing *Chavis*, 126 U.S. at 198-99). Accordingly, the Central District held that delays of 97 days and 71 days were unreasonable and could not be tolled. *Culver*, 450 F. Supp. 2d at 1140-41.

Here, Feliciano filed his superior court habeas petition on October 29, 2005. (Ex. C, Superior Court Petition.)[1] On February 6, 2006, the superior court denied his petition. (Ex. D, Superior Court Denial.) Thereafter, Feliciano delayed filing in the California Court of Appeal for 344 days. (Ex. E, California Court of Appeal Petition, dated January 16, 2007.)[2]

In his federal habeas petition, Feliciano fails to explain this 344-day delay between the February 6, 2006 superior court denial and his January 16, 2007 California Court of Appeal petition. Accordingly, the 344-day delay constitutes an unreasonable delay under *Chavis* and *Cutler*, and the law prohibits tolling during this time period.

In addition to the 344-day delay, Feliciano accrued another 36 days toward the limitations period before filing his federal habeas petition (compare Supreme Court Denial, dated August 8, 2007 [Ex. F] with Pet., dated September 13, 2007). Thus, when excluding the applicable tolling periods when Feliciano's properly filed state petitions were pending, he took 380 days to bring his claim to federal court. Accordingly, the Court should deny Feliciano's petition as untimely because it exceeded the one-year statute of limitations period.

### B.   Feliciano is Not Entitled to Equitable Tolling.

In very rare cases, the one-year statute of limitations for filing a federal habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling "is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at

---

1.   Because Feliciano filed his superior court habeas petition before December 30, 2005 — the day his statute of limitations period began to run — he did not accrue any time toward the limitations period from the time when his parole denial became final to when he filed his superior court petition.

2.   This Motion does not include Petitioner's state-court exhibits, but Respondent will provide them if requested by the Court.

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.              *Feliciano v. Curry*
                                                                                    C 07-4713 CW

4

1  799 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks
2  omitted). The burden is on the petitioner to prove that "extraordinary circumstances were the
3  cause of his untimeliness." *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). A pro
4  se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
5  warranting equitable tolling; nor is an attorney's general negligence. *Raspberry v. Garcia*, 448
6  F.3d 1150, 1154 (9th Cir. 2006); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Here,
7  Feliciano has not alleged or otherwise established any circumstances as the cause of his
8  untimeliness. Accordingly, he is not entitled to equitable tolling.
9  / / /
10 / / /
11 / / /
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.                *Feliciano v. Curry*
                                                                                      C 07-4713 CW

# CONCLUSION

AEDPA requires a petitioner to file his federal habeas petition within one year of his claim. Feliciano failed to meet this requirement. Furthermore, the law does not permit statutory tolling for his 344-day filing delay, and he has not established cause for equitable tolling. As a result, Respondent respectfully requests that this Court dismiss this Petition.

Dated: April 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General


/S/ BRIAN C. KINNEY
BRIAN C. KINNEY
Deputy Attorney General
Attorneys for Respondent

40241490.wpd
SF2008400601

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.

*Feliciano v. Curry*
C 07-4713 CW

6

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Pedro Feliciano v. Ben Curry, Warden**

Case No.:    **C 07-4713 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 30, 2008**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Pedro Feliciano (C-59854)
Correctional Training Facility
ZW-321L
P.O. Box 689
Soledad, CA 93960-0689

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 30, 2008**, at San Francisco, California.

|  R. Panganiban  |  /S/ R. Panganiban  |
| :---: | :---: |
| Declarant | Signature |

40247784.wpd