# EXHIBIT   C

Name: PEDRO FELICIANO

Address: P. O. BOX 689  Z-321L

SOLEDAD, CA 93960-0689

CDC or ID Number: C-59854

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

2005

_____ DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN BERNARDINO
(Court)

PEDRO FELICIANO,

Petitioner

vs.

A. KANE, WARDEN, et. al.

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. SWHSS 8514
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined

- Read the entire *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional spaces, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Counsel of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and court of appeal.

Form Approved by the
Judicial Counsel of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six
Penal Code § 1473 et seq.
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction                    ☒ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other *(specify)*: _____

1. Your name: _____ PEDRO FELICIANO _____

2. Where are you incarcerated? ___ CORRECTIONAL TRAINING FACILITY-SOLEDAD

3. Why are you in custody? _____ MURDER IN THE FIRST DEGREE AND ATTEMPTED MURDER

   *Answer subdivisions a. through i. To the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of deadly weapon").

   _____

   _____

   b. Penal code or other code sections: _____ 187 PC; and 664/187 PC

   c. Name and location of sentencing or committing court: SAN BERNARDINO SUPERIOR COURT

   d. Case number: _____ SCR 39275 _____

   e. Date convicted or committed: _____ 1/27/83

   f. Date sentenced: _____

   g. Length of sentence: _____ 27 YEARS TO LIFE

   h. When do you expect to be released? ___ UNKNOWN

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address.

   _____

   _____

4. What was the LAST plea you entered? (Check one)

   ☒ Not guilty  ☐ Guilty  ☐ Nolo Contendre  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury  ☐ Judge without jury  ☐ Submitted on transcript  ☐ Awaiting trial

---

6.  GROUND FOR RELIEF
    **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

    _____ SEE ATTACHED _____

    _____

    _____

    _____

    a.  Supporting facts:
        Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: you must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specially setting forth what your attorney did or failed to do and how that affected your trail. Failure to allege sufficient facts will result in denial of you petition. (See in Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (*when*) or place (*where*). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim).

    _____ SEE ATTACHED _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    b.  Supporting cases, rules, or other authority (optional):
        (*Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.*)

    _____ SEE ATTACHED _____

    _____

    _____

    _____

7.  Ground 2 or Ground _____ (if applicable):

<u>                    SEE  ATTACHED                    </u>

_____

_____

_____

a.  Supporting facts:

<u>                    SEE  ATTACHED                    </u>

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

<u>                    SEE  ATTACHED                    </u>

_____

_____

_____

_____

1  PEDRO FELICIANO  C-59854
   P.O. BOX 689        ZW-321L
2  SOLEDAD, CA  93960-0689
        in pro per

3

4

5              SUPERIOR COURT OF CALIFORNIA

6        IN AND FOR THE COUNTY OF SAN BERNARDINO

7

8

9  In re FELICIANO                ) Case No.: _____
        Petitioner,               )
10                                )  PETITION FOR WRIT OF HABEAS
                                  )  CORPUS
11          v.                    )
                                  )
12  A.P. KANE, WARDEN (A), et al, )
        Respondent                )
13                                )
                                  )
14                                )
                                  )
15                                )
                                  )
16                                )
17  _____)

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2    **TITLE**                                                          **PAGE**

3    Cover                                                               1

4    Table of Contents                                                   2

5    Points and Authorities                                              3 – 4

6    Judicial MC-275                                                     5 – 19
              Ground 1                                                   7 – 14
7             Ground 2                                                   15 – 18

8    Conclusion                                                          20

9    Prayer for Relief                                                   21

10   Proof of Service by Mail                                            22

11   Exhibit 'A'                                                         23 – 68
        (Hearing Transcript 2004)
12

13   Exhibit 'B'                                                         69 – 73
        (Psychological Evaluation)
14

15   Exhibit 'C'                                                         74 – 85
       Life Prisoner Evaluation Report (LPER)
16

17   Exhibit 'D'                                                         85 –
     (Previous Decisions 1998, 2000 & 2002)
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**AUTHORITY**                                                 **PAGE**

## CONSTITUTIONAL AUTHORITIES

U.S. CONSTITUTION, AMENDMENT 7, 14            5, 6, 9, 10, 11, 13, 14

CALIFORNIA CONSTITUTION, ARTICLE I, SECTIONS 7, 15    5, 6, 9, 10, 11, 13, 14

## FEDERAL CASE LAW

Biggs v. Terhune, (2003 9th Cir.)                 5, 6, 8, 9, 10
334 F.3d 910
Greenholtz v. United States                     10
(1987) 100 Cal.3d 794.
McQuillion v. Ducan, (9th Cir.)                 5, 6
306 F.3d 895

## STATE CASE LAW

California v. Morales, (1975)                   13, 14
115 S.Ct. 1597
In re Capistran, (2003)                       13, 14
107 Cal.App.4[th] 1299
In re Caswell, (10/10/01)                    13, 14
92 Cal.App.4[th] 1017
In re Jackson, (1985)                        13, 14
39 Cal.App.3rd 464
In re Minnis,                               6
7 Cal.3d at p. 647
In re Norman Morrall, (2002)                5, 6, 8, 13, 14
102 Cal.App.4[th] 280
In re Edward Ramirez, (2001);               5, 6, 9, 10 13, 14
94 Cal.App.4[th] 549
In re Rodriguez,                          13, 14
(1975) 14 C.3d 639
In re Rosenkrantz (2002)                    5, 6
29 Cal.App.4[th] 659
In re Rosenkrantz,                        13, 14
95 Cal.App.4[th] 358
In re George Scott                         5, 8
119 Cal.App.4[th]
In re Mark Smith, (2003)                    5
Cal.App.4[th] 343

## TABLE OF AUTHORITIES PAGE 2

**PENAL CODE**                                      **PAGE**

§ 3000(b)(1)                                        5

§ 3041(a)                                           10, 11

§ 3041(b)                                           5, 6

§ 3041.5                                            5, 6, 9

§ 3041.5(b)(2)                                      13

§ 5076.2                                            13

## CALIFORNIA CODE of REGULATIONS

**CCR SECTION**                                     **PAGE**

CCR § 2000(b) (48) [Good Cause]                     13, 14

CCR § 2000(b) (61) [Material Evidence]              13, 14

CCR § 2000(b) (89) [Relevant Evidence]             13, 14

CCR § 2400 et seq.                                  13, 14

§ 2282(a)                                           8

§ 2402(a)                                           6

§ 2402(c)(1)(D)                                     8

§ 2403(c)                                           6, 9

§ 3375.2(7)(A)                                      8

**THE BOARD OF PRISON TERMS ILLEGALLY USED PENAL CODE
SECTION 3041(b) [THE EXCEPTION] TO FIND PETITIONER
UNSUITABLE FOR PAROLE. AS THERE IS NOT A MODICUM OF
EVIDENCE THAT PETITIONER IS A <u>CURRENT</u> THREAT TO SOCIETY
OR OTHERWISE UNSUITABLE FOR PAROLE THE DECISION WAS
ARBITRARY AND CAPRICIOUS VIOLATING PETITIONER'S STATE
AND FEDERAL DUE PROCESS RIGHTS.**

On AUGUST 31, 2005, Petitioner PEDRO FELICIANO, C-59854 (hereinafter "Petitioner"),
was provided a Life Term Parole Consideration Hearing before the Board of Prison Terms
(hereinafter "Board", "BPT", or "Panel"); Please refer to Exhibit 'A' which is the Hearing
Transcript (hereinafter "HT" or "Transcript"). Said Hearing was Petitioner's FOURTH parole
suitability hearing. Petitioner's Minimum Eligible Parole Date (hereinafter "MEPD"), was
JUNE 16, 2000.[1] The purpose of this Board hearing was for the setting of Petitioner's term
uniformly [2] to his offense and for a finding of suitability for parole (See Penal Code § 3041.5;
In re Edward Ramirez, 94 Cal.App.4th 541 (2001); McQuillion v. Ducan, (9th Cir.) 306 F.3d
895; In re Norman Morrall, (2002) 102 Cal.App.4th 280; In re Rosenkrantz, (2002) 29
Cal.App.4th 660; In re Mark Smith, (2003) Cal.App.4th 343; and the recent Biggs v. Terhune,
(2003 9th Cir.) 334 F.3d 910.

The result of this Board hearing was an erroneous and unlawful finding of unsuitability and
a release date was not set. Instead, Petitioner was given a two (2) year denial and did not
appeal this decision through the administrative remedy because the Board has eliminated the
BPT Appeals Unit and no longer allows for the filing of administrative appeals on BPT denials

---

1 – The Court of Appeal in In re George Scott, (2004) 119 Cal.App.4th 871, reaffirmed the rationale of the
Ramirez and Smith Courts when it declared "...parole is the <u>rule</u>, rather than the exception, and conviction for
second degree murder does not automatically render one unsuitable. (In re Smith, (2003) 114 Cal.App.4th 343,
366). In re Ramirez, supra, 94 Cal.App.4th 549 ...[a]ll violent crimes demonstrate the perpetrator's potential for
posing a grave risk to public safety, yet parole is mandatory for violent felons serving determinate sentences.
Penal Code § 3000 subd. (b)(1).) And the Legislature has clearly expressed its intent that when murders – who are
the great majority of inmates serving indeterminate sentences – <u>approach their minimum eligible parole date, the
Board shall normally set a parole release date</u>..." (id. at p. 570).

2. – The Court of Appeal on June 24, 2004, in In re George Scott, supra, 119 Cal.App.4th at 887 fn. 7, also
reaffirmed the Legislative Intent of Uniform terms by stating: "The first two sentences of the DSL declare 'that
the purpose of imprisonment for a crime is punishment' and that [t]his purpose is best served by terms
proportionate to the seriousness of the offense with provisions for uniformity in the sentences of offenders
committing the same offense under similar circumstances. (Penal Code § 1170, subd. (a)(1).) Nothing in the DSL
or its legislative history suggests that legislative concern with uniformity was limited to those serving determinate
terms. Penal Code § 3041 shows that this interest <u>does</u> extend to individuals such as [this Petitioner] who are
serving indeterminate life terms. (Id., citing Ramirez, supra 94 Cal.App.4th at 559).

of parole for indeterminately sentenced prisoners such as Petitioner. Petitioner submits that the Board's regulation, that is the California Code of Regulations (hereinafter "CCR"), § 2402(a) **DEMANDS that the Board set a release date unless Petitioner CURRENTLY presents an unreasonable risk of danger to the public.** Petitioner submits that the representing District Attorney did not provide any new and/or additional evidence whatsoever that Petitioner is an unreasonable risk of danger to the public or otherwise unsuitable for parole.

Additionally, Petitioner submits that the Board speaks in meaningless generalities and fails to address the exact nature of Petitioner's CURRENT character. By not doing so, the Board violated the intent and spirit of Penal Code (hereinafter "PC"), § 3041.5 [3] and In re Ramirez, supra, which dictates that the Board shall normally set a parole release date. (citing Biggs v. Terhune, supra).

The Court in Biggs, supra, held that the Board's continued use of the crime (or any other unchanging circumstances) as a basis for denial of parole when Petitioner's Institutional Behavior remains exemplary may be a violation of both State and Federal Due Process.

For the past ten (10) years, Petitioner has had no occurrence of serious or violent disciplinary action, thus exemplifying himself as a model prisoner. Petitioner seeks acknowledgment of the facts that since 1995, there has been thereafter a continuous ten (10) year history free of any disciplinary action or occurrence. Petitioner submits that the Board's failure to uniformly measure his offense and set his term proportionately to others similarly situated and to find him suitable for parole violates both State and Federal due Process. Also, the current policy of the Board, which will be discussed more fully infra, is the setting of a parole date which is all too often the exception rather than the norm, and thus violates Petitioner's Liberty Interest that is present in a parole date; In re Rosenkrantz, supra; McQuillion v. Ducan, supra; Biggs v. Terhune, supra. At the Petitioner's board hearing the

---

3 – There is no evidence that the crime is "particularly egregious" to justify the use of the exception clause of PC § 3041(b); In re Norman Morrall, supra, the court concluded "[W]e agree that an inmate cannot be denied parole simply on the type of offense he committed." (See also In re Minnis, 7 Cal.3d at p. 647). To the contrary, it falls squarely in the Board's own proportionality matrix CCR § 2403(c) at axis B-II. Without post-conviction credits Petitioner has served twenty two (22) years. Adding post conviction credits he has served twenty seven (27) plus years, essentially reaching his matrix as required. There is no evidence that Petitioner is a current risk or threat to society and the Board's conclusions are not supported by the record. (See Biggs, supra).

1  BPT relied solely on Petitioner's commitment offense and prior history to justify its unlawful

2  finding of unsuitability. Beginning at page 36 of Exhibit 'A', the HT, the Board stated:

3     "The offense was carried out in an exceptionally cruel and callous manner" (line 12-13)

4     "The offense was carried out in a dispassionate ...manner too." (lines 26)

5     "The offense was carried out in a manner that demonstrates an exceptionally callous

6     disregard for the safety of others." (37 lines 14-15)

7

8     In addition, and with regard to the Petitioner's suitability, the board erred in disregarding

9  Petitioner's Mental Health Evaluation which is supportive of release (please refer to HT

10  DECISION pg. 38 lines 22-24 line). Petitioner's Psychiatric Reports have been much

11  instructive. Specifically, Dr. J. Reed, Ph.D., CTF-Soledad, Staff Psychologist, stated:

12     "There is no evidence of a mood or thought disorder" (See Exhibit 'B' pg. 1,

13     Psychological Evaluation, Current Mental Status)

14     "He demonstrated empathy for the damage done to the victims, including his ex-wife,

15     her boyfriend, and his three children." (Id., Review of Life Crime, p. 2)

16     "He seems genuinely penitent for his crime and appears to understand the causative

17     factors leading to the instant offense." (Id., p. 2)

18     "He seems committed to never using violence to solve problems again." (Id., p. 2)

19

20  And under "Assessment of Dangerousness" Dr. J. Reed stated:

21     "His risk for violent behavior within a controlled setting is considered to be low

22     relative to this level II inmate population in a prison setting." (Id., p. 2)

23     "If released to the community, clinically assessed, his risk for violence is expected to

24     be average to that of the average citizen in the community." (Id., p. 3)

25     "There are no significant risk factors or precursors to violence for this individual."

26     (Id., p. 3)

27     Additionally, the Board ignored that Petitioner has been deemed by the California

28  Department of corrections a **Model** prisoner with A-1-A status, and **Not** a threat to society, and

that Petitioner's crime is not "particularly egregious" (especially cruel and callous) by placing

Petitioner in a Level II prison setting. [4]

Also, in the Life Prisoner Evaluation Report (hereinafter "LPER") attached as Exhibit 'C',

Petitioner's Correctional Counselor, CC-I Palmer, states:

> "Based on the commitment offense, prior prison record, and prison adjustment,
> FELICIANO would probably pose a low risk to the public, if released from
> prison. FELICIANO has remained disciplinary free since 1984. He has been an
> active participant in self help and therapy programs throughout the year of 1999
> and 2002. FELICIANO received a recent NA/AA laudatory chrono dated
> 2/22/2004 for showing his ability to comprehend all aspects of the Twelve Step
> Program. FELICIANO also has learned a trade in upholstery while in prison
> and would like to pursue his trade as possible employment. This writer believes
> that FELICIANO has shown positive programming adjustment while in prison
> and deserves consideration for parole."  On Page 6, CCI Palmer, documents that
> FELICIANO attended a Millati Islamic 12 week (Path to Peace) Anger
> Management program (2/20/02) and also a Life Skills program (8/25/99). O n
> 2/25/02 he also attended a 9 week Impact Program. (Exhibit 'C' p. 7)

Again, in In re Norman G. Morrall, supra, the Court concluded; "A refusal to consider the

particular circumstances relevant to an inmate's individual suitability for parole would be

contrary to law." Moreover, the Court in Biggs, supra, addressed the Board's continued illegal

use of the crime and/or prior history to justify a denial of parole:

---

4. California Code of Regulations, Title 15, section 3375.2 subd. (7)(A) states: "An inmate serving any life term shall not be housed in a Level I or II facility if any of the following case factors are present: The Commitment Offense involved... unusual violence...." And on June 24, 2004, the Court of Appeal in In re George Scott, supra, 119 Cal.App.4[th] at 892 fn. 11, found that the Board's regulations provide that even if the crime is "exceptionally callous" an inmate may be found suitable for parole. The Court declared that "Under the Board regulations, base terms for life prisoners are not calculated until after an inmate is deemed suitable for release. (§ 2282, subd. (a).) The regulations therefore contemplate that an inmate may be deemed suitable for release even though his offense demonstrated "exceptionally callous disregard for human suffering." (§ 2402, subd. (c)(1)(D).)" (Id)

1    "... a continued reliance... on an unchanging factor, the circumstances of the

2    offense and conduct prior to imprisonment, runs contrary to the rehabilitative

3    goals espoused by the prison system and could result in a due process violation".

4    (Biggs, supra, 334 F.3d at 917).

5    In Biggs, supra, the appeal was pursuant to his initial suitability hearing. The Petitioner has

6    now had FOUR Board hearings and submits that his most recent denial rests solely on the

7    commitment offense, (as did his previous hearings in 1998, 2000, and 2002, included herein as

8    Exhibit 'D''), and therefore violates both State and Federal Due Process. Most importantly,

9    there is no evidence that the public safety requires a lengthier period of incarceration (please

10    refer to PC § 3041 (b)), in relation to other instances of the same crime please refer to PC §

11    3041.5.

12    Petitioner submits that understanding and perspective of the crime is compelled by the

13    Board's own proportionality matrix (please refer to CCR Division 2, § 2403(c). The matrix

14    scale and rating of the more common and routine variations of murder appear to a codification

15    of when a crime of this nature can be more egregious than average.

16    Petitioner submits that his crime falls squarely in the matrix [category NONE, 19-20-21

17    years]. With post conviction credits, Petitioner has exceeded the maximum by more than five

18    (5) years and without post conviction credit application, Petitioner has served his matrix. The

19    Board fails in any attempt to substantiate why Petitioner's crime is so heinous as to require that

20    Petitioner be exempted time and time again from the general rule that a parole date shall

21    normally be set; please see In re Ramirez, supra, wherein the court states:

22    "The Board must weigh the inmate's criminal conduct not against ordinary

23    social norms, but against other instances of the same crime or crimes. (Ramirez,

24    supra, Cal.App.4[th] at p. 570).

25    Petitioner submits that the record is devoid of the Board making such a comparison.

26    Similarly, Petitioner's Psychiatric Report evidence, like Biggs, supra, is supportive of release;

27    contrary to the Board's erroneous and specious findings (please see Exhibit 'A' and 'B'). The

28    court in Biggs, addressed the Board's illegal usage of needed therapy and other illegal reasons

to justify a highly illegal denial. the Court concluded:

"The record in this case and the transcript of Biggs' hearing before the Board clearly show that <u>many of the conclusions and factors relied upon by the Board were devoid of evidentiary basis.</u>" (<u>Biggs</u>, supra, 334 F.3d at p. 915)

The Court in <u>Biggs</u>, supra, went on to warn the Board that while there was "some evidence" to use the crime as a basis for denial at his <u>initial</u> hearing, the board's continued use of the crime as a basis for continual denials would be a violation of Biggs Federal due process rights. Petitioner submits that the Board's <u>sole</u> usage of the initial commitment offense and/or prior social history, on a continual basis to deny him a parole date has violated his 5th and 14th Amendment rights under the United States Constitution to not be deprived of his liberty.

"[T]o ensure that a state created parole scheme serves the public interest purposes of rehabilitation and deterrence, the Parole Board must be cognizant not only of the factors required by the state statute to be considered. but also the concepts embodied in the <u>Constitution</u> requiring <u>due process of law</u>... "[Please see e.g. in <u>Greenholtz</u>, 442 U.S. at 7-8.]." (<u>Biggs</u>, supra, 334 F.3d at p. 916)

"The Parole Board's sole supportable reliance on the gravity of the offense and conduct prior to imprisonment to justify denial of Parole can be initially justified as fulfilling the requirements set forth by state law. Over time however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, <u>denying him a parole date simply because of the nature of his offense and prior conduct would raise serious questions involving his liberty interest in parole</u>...(Id)

Petitioner also submits that the Board has adopted an anti and/or no parole policy per se, or a policy of under-inclusion demonstrating a policy of systematic bias; granting only an approximate 232 parole dates out of over 11,000 parole hearings, thus violating the legislative intent of PC § 3041(a) that; "...a parole date <u>shall normally</u> be set in a manner that will provide <u>uniform</u> terms for offenders with crimes of similar gravity and magnitude...". And, violating

1   Petitioner's State and Federal due process rights as well (please see In re Ramirez, supra, at

2   page 565). Petitioner contends that the evidenced behavior by a quasi-judicial Board, of a

3   policy demonstrating an approximate 98.5% denial rate, supports the premise that such a policy

4   exists (i.e. anti and/or no parole policy of under-inclusion or systematic bias): this policy

5   violates the strictures of substantive due process.

6       The existence of said policy in denying parole may explain why the Board only grants

7   parole in less than two (2) percent of the cases it hears; it also explains the bias demonstrated in

8   the present case.

9       In this case, Petitioner's own circumstances, the Board's pronouncement of numerous

10  unlawful conclusions, not supported by the record, violates the process due to Petitioner under

11  the State and Federal Constitutions. Based upon the herein-demonstrated bias, the Board's

12  decision cannot be shielded by the "some evidence" standard. The only appropriate remedy is

13  an independent review.

14  //

15  //

16  //

17

18

19

20

21

22

23

24

25

26

27

28

PETITIONER'S RIGHT TO HAVE SEPARATELY STATED AND SPECIFICALLY DIRECTED (SEPARATE AND DISTINCT) REASONS WHEN GIVEN A MULTI-YEAR DENIAL WAS NOT PROTECTED BY THE BPT IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS PROTECTIONS AND CONTRADICTORY OF THE LEGISLATIVE INTENT OF PENAL CODE § 3041.5(b)(2).

1. The statement of reasons for a multi-year denial must be a separate and distinct statement that is not a mere recital of the same reasons used to deny parole worded slightly differently.

2. In denying Petitioner parole for a period of two (2) years, the BPT failed to cite its reasons for a multi-year denial.

3. The BPT's stated reason for parole denial was:

"The offense was carried out in an especially cruel and callous manner. On June 15, 1982, Mr. Rodriguez and Ms. Hernandez, the estranged wife of Pedro Feliciano, pulled up in front of his apartment. There was a conversation, Mr Feliciano went inside of his apartment came out – or came into the doorway brought a rifle a .22 Caliber automatic rifle from his house, stood in the doorway fired two to four shots in the direction of the victim striking Rodriguez in the neck and Mrs. Hernandez – Ms. Hernandez, his estranged wife, in the head. Subsequently, Mr. Rodriguez was injured – was able to drive away out of harm's way and Ms. Hernandez was pronounced dead at the Loma Linda Medical Center. That's particularly callous and was clearly carried out in a dispassionate calculated manner." (Exhibit 'A' p. 36)

4. The BPT's stated reason for a multi-year denial was:

NOT GIVEN.

5. A multi-year denial can only be applicable when valid grounds exist to find Petitioner unsuitable for parole. Petitioner has adequately established in his argument ante that the BPT's reasoning for denying parole was unsubstantiated, lacking even "some evidence" that he is CURRENTLY an unreasonable risk to the public and was therefore arbitrary, capricious, lacked basis in fact, and/or was contrary to law.

Supporting cases:

"If the Legislature had intended a single statement of reasons to suffice for both the refusal to set a parole date and the decision to postpone annual review, it would not have enacted language specifically calling for a statement of reasons on the latter...Accordingly, this Court holds the Board to the Legislative requirement that its reasons for postponing a suitability hearing be separately stated and specifically directed to that question." In re Jackson, (1985) 39 Cal.App.3d 464

Penal Code § 3041.5(b)(2) that requires a separate and distinct statement that is not a mere recital of the same reasons used to deny parole worded slightly differently.

Penal Code § 5076.2

CCR § 2000(b) (48) [Good Cause]; (61) [Material Evidence]; [Relevant Evidence]

CCR § 2400 et seq.

California Constitution Article I §§ 7, 15 [Due Process]

U.S. Constitution Amendment 14 [Due Process]

In re Capistran, (2003) 107 Cal.App.4th 1299

In re Morrall, 102 Cal.App.4th 280

In re Rosenkrantz, 95 Cal.App.4th 358

In re Ramirez, 94 Cal.App.4th 549

In re Caswell, (10/10/01) 92 Cal.App.4th 1017

In re Rodriguez, (1975) 14 C.3d 639

California v. Morales, (1975) 115 S.Ct. 1597

//

//

//

1

2                                    **CONCLUSION**

3          The Board's decision was arbitrary and capricious. The Petitioner did not receive a fair

4    hearing, nor will he ever.

5

6          Petitioner submits and contends that the finding of unsuitability was arbitrary and

7    capricious:

8          1). Due to the Board carrying out it's political function of adhering to a no or anti-parole

9              policy;

10         2). Due to the Board's acting contrary to the intent and spirit of PC § 3041 (a);

11         3). Due to basing its decisions on unsupported allegations; and

12         4). Due to the Board's refusal to adhere to aforementioned decisions and the controlling

13             authorities.

14

15         Petitioner prays this Court order him released and /or discharged, or at the very least, direct

16   the Board to issue a decision within ten (10) days granting parole, setting his term "uniformly"

17   as mandated by the legislature.

18   //

19   //

20   //

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

1. Issue an Order to Show Cause on an expedited basis.

2. Appoint Counsel.

3. Conduct an Evidentiary Hearing.

4. Order Petitioner's appearance before the Court.

5. Order Petitioner taken back before the Board for a finding of suitability within ten (10) days, or in the alternative, order Petitioner released forthwith;

6. Declaratory relief, and

7. Any other relief this Court deems fair, just and appropriate.

## PROOF OF SERVICE

I declare that:

I, PEDRO FELICIANO, C-59854, am a resident of the State of California, County of
Monterey. I am over 18 years of age and I am a party to the within action. My residence
address is P.O. Box 689, Soledad, California, 93960-0689.

On November _20th_, 2005 I served the foregoing Petition for Writ of Habeas Corpus on the
parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage
fully prepaid in the United States mail at Soledad, California, addressed as follows:

SUPERIOR COURT OF CALIFORNIA
County of San Bernardino
Appeals & Appellate District
401 N. Arrowhead Ave.
San Bernardino, CA 92415-0063

Bill Lockyer Attorney General, et al
Office of the Calif. Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Office of the District Attorney
3389 Twelfth St.
Riverside, CA 92501

There is regular delivery service by the U.S. Postal Service between the place of mailing and
the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

Executed this _20th_ day of November, 2005, at Soledad, California.

PEDRO FELICIANO

8.  Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No. If yes, give the following information:
    a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
    _____

    b.  Result: _____ c. Date of decision: _____

    d.  Case number or citation of opinion, if known: _____

    e.  Issues raised: (1) _____

        (2) _____

        (3) _____

    f.  Where you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:
    _____
    _____

9.  Did you seek review in the California Supreme Court? ☐ Yes. ☐ No. If yes, give the following information:

    a.  Result: _____ b. Date of decision: _____

    c.  Case number or citation of opinion, if known: _____

    c.  Issue raised: (1) _____

        (2) _____

        (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    _____
    _____

11. Administrative Review:
    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious.  (See *in re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal. Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

    _____
    _____
    _____
    _____
    _____
    _____
    _____

    b.  Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
        *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**                    Page five of six.

12. Other than direct appeal, have you filed any other petition, applications, or motions with respect to this conviction, commitment, issue in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13.a.  (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (*Attach order or explain why unavailable*): _____

    (5) Date of decision: _____

  b.  (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (*Attach order or explain why unavailable*): _____

    (6) Date of decision: _____

  c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
_____
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims petition. (See *in re Swain* (1949) 43 Cal.2d 300, 304.)
_____
_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:
_____
_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:
_____
_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
_____
_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true and correct.

Date: *11-20-05*                    ▶ _____
                                          (SIGNATURE OF PETITIONER)