# EXHIBIT D

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                    JUDGE: BOB N. KRUG              DATE: February 6, 2006

CASE NO.: SWHSS – 8514            CLERK: V. GAYTON                COUNSEL:

DEPT.: S-16                       BAILIFF: --

CASE TITLE:   In the Matter of the Application of
              **PEDRO FELICIANO**
              on Habeas Corpus

NATURE OF PROCEEDINGS:

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

MINUTE ORDER:

The court has received, read and considered the Petition for Writ of Habeas Corpus filed by the Petitioner on November 29, 2005; the Informal Response filed by the Respondent on January 3, 2006; and the Informal Reply filed by the Petitioner on January 19, 2006.

The Petitioner has filed this Petition for Habeas Relief from the finding of the Board of Parole hearings on August 31, 2005 that he was not suitable for parole. Apparently, the Petitioner was convicted in 1983 of the crime of murder, a violation of Penal Code § 187(a), with a gun enhancement and attempted murder, Penal Code § 664/187. The Petitioner was sentenced to State Prison for a period of twenty-seven (27) years to life. He was received at the institution on January 27, 1983 and his minimum eligibility parole date was set at June 16, 2000. The Petitioner had appeared before the Board, at least on three prior occasions and was denied a finding of suitability.

A review of the Board proceedings reveals that on June 15, 1982, the Colton Police responded to a "shots fired" call. There investigation revealed that the Petitioner's estranged wife had gone to Petitioner's residence to see her children. She had been driven to the residence by her then current boyfriend, a Mr. Rodriguez. The Petitioner approached the vehicle and told Mr. Rodriguez "take out the rifle". Petitioner was informed that Mr. Rodriguez did not have a rifle. The Petitioner then obtained a firearm from his house and shot at the vehicle containing Mrs. Hernandez, and Mr. Rodriquez. He hit Mr. Rodriguez in the neck and Mrs. Hernandez in the head. Mr. Rodriguez was able to drive away and contact the police. Mrs. Hernandez was pronounced dead at the hospital. Petitioner was arrested that same evening. The Petitioner's version differed substantially from the above facts.

The Petitioner contends in his Petition that the Board erred by illegally using Penal Code § 3041(b) to find him unsuitable and that the Board did not state specific, separate, and distinct reasons for setting a multi-year denial. The Petitioner's contentions are without merit.

The court has reviewed the record of proceedings before the Board of Parole Hearings on August 31, 2005 and finds that the Board considered each and every element or criteria it is required to consider in making the findings as set forth in In re RosenKrantz 29 Cal. 4th 616.

The last and most definitive word on the area of law controlling judicial review of Board of Parole Hearing decisions denying a finding of suitability for parole was made by the Supreme Court in In re Rosenkrantz, supra, and in In re John E. Dannenberg 34 Cal. 4th 1061.

Penal Code Section 3041(b) provides for parole review of inmates such as Petitioner and further provides that such inmates shall be given a release date unless the Board determines that the gravity of the current convicted offense is such that consideration of the public safety requires a more lengthy period of incarceration. California Code of Regulations, Title 15, Section 2402(a)(b)(c)(d) sets forth the rules by which the Board is to make its determination. As stated by the Court, parole applicants have an expectation of being granted parole unless the Board finds in the exercise of its discretion that the applicant is unsuitable. The operative words are "in the exercise of its discretion". Judicial review of this discretion is limited only to a determination of whether there is "some evidence" in the record to support the decision. As held by the Court, this standard of "some evidence" is extremely deferential.

The reviewing court is prohibited from conducting and independent assessment of merits or considering whether substantial evidence supports the findings of the Board and its underlying decision. The Board is required to consider the Petitioner's background, his institutional participation, post-parole plans, as well as the psychological evaluations. The High Court held, however, that the nature of the inmate's offense, alone, could constitute a sufficient basis for denying parole. This does not permit the paroling authority to automatically exclude parole for individuals who have been convicted of a particular type of offense.

A review of the record supports a finding that there was "some evidence" which led the Board to its finding of unsuitability of the Petitioner for parole, for as the High Court described such evidence, it need be only a "modicum" of evidence.

The Board did consider the positive factors which favored parole and made its finding that these did not outweigh the factors surrounding the circumstances of the crime. While the decision did not reflect the weighing process of the Board, the Rosenkrantz Court, at page 677, clearly states that the Board need not explain its decision or the precise manner in which the specific facts were relevant to parole suitability. This consideration and balancing lie within the discretion of the Board.

The decision of the Board adequately stated the reason for the two year denial.

The Petition for Writ of Habeas Corpus denied.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

| | |
|---|---|
| TITLE OF CASE (ABBREVIATED): | In the Matter of the Application of **PEDRO FELICIANO** on Habeas Corpus |
| CASE NUMBER: | SWHSS – **8514** |

## DECLARATION OF SERVICE BY MAIL

My business address is: San Bernardino Superior Court, 351 N. Arrowhead Avenue, San Bernardino, California 92415.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding. On _____February 6, 2006_____, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

which was addressed as follows:

**Name and Address of Persons Served:**

Pedro Feliciano, C-59854
Z-321-L
P.O. Box 689
Soledad, CA 93960-0689

Bill Lockyer, Attorney General
State of California
P.O. Box 85266
San Diego, CA  92186-5266

(Together with copy of Minute Order)

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: _____February 6, 2006_____       by _____/s/ Mary Jo Phipps_____
                                                                                    Mary Jo Phipps
                                                                                    Judicial Secretary