United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRO FELICIANO,

Petitioner,

v.

BEN CURRY, Warden,

Respondent.

No. C 07-4713 CW (PR)

ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE

(Docket no. 7)

INTRODUCTION

Petitioner Pedro Feliciano, a state prisoner incarcerated at the Correctional Training Facility (CTF) at Soledad, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Ben Curry filed a motion to dismiss for untimeliness. Petitioner filed an opposition, arguing that he is entitled to statutory and equitable tolling. Respondent subsequently filed a reply. Having considered the papers submitted, the Court DENIES Respondent's motion to dismiss.

PROCEDURAL BACKGROUND

In 1983, Petitioner was convicted of one count of first degree murder and one count of attempted murder. He was sentenced to a term of twenty-seven years to life in state prison. On August 31, 2005, Petitioner appeared before the California Board of Parole Hearings (Board) for his fourth parole suitability hearing.[1] The Board found Petitioner unsuitable for parole. That decision became final on December 29, 2005.

On November 29, 2005, before the Board's denial of parole

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

became final, Petitioner filed a state habeas petition in the San Bernardino County Superior Court challenging the Board's decision. On January 3, 2006, in response to a superior court order, the Attorney General's office filed an informal response to the petition. (Reply at 2.) Petitioner filed an informal reply on January 21, 2006. (Reply, Ex. A at 1.) On February 6, 2006, the superior court denied the petition.

According to the CTF mail log, the facility received mail addressed to Petitioner from the San Bernardino Superior Court on February 9, 2006 and from the San Francisco Superior Court on February 21, 2006. (Reply, Ex. B at 2.) However, Petitioner claims that no legal mail was forwarded to him on those dates. (Opp'n at 2.) In fact, he alleges that his housing unit officer informed him that he did not receive any legal mail between February 6, 2006 and November 16, 2006. (Id.) On November 6, 2006, Petitioner, concerned that he had not received an order from the superior court, sought advice at the prison law library. (Id.) On November 16, 2006, Petitioner wrote to the superior court seeking a copy of the order. (Attach. to Opp'n, Pet'r Nov. 16, 2006 Letter at 1.) The superior court responded by sending Petitioner a copy of the Board's decision instead of the order. (Attach. to Opp'n, Pet'r Dec. 17, 2006 Letter at 1.) On December 17, 2006, Petitioner wrote to the superior court again to request a copy of the order. (Id.) According to the CTF mail logs, the facility received mail from the superior court on January 3, 2007. (Reply, Ex. B at 2.) Petitioner claims that he first received the superior court's denial on January 3, 2007. (Opp'n at 3.)

United States District Court
For the Northern District of California

On January 7, 2007,[2] 335 days after the superior court denied his petition, Petitioner filed a habeas petition in the California Court of Appeal. (Mot. to Dismiss, Ex. E.) The petition was file stamped by the clerk of the appellate court nine days later, on January 16, 2007. On January 26, 2007, the appellate court denied the petition. On February 26, 2007, Petitioner filed a habeas petition in the California Supreme Court, and it was denied on August 8, 2007.

On September 6, 2007,[3] twenty-nine days after the state supreme court denied his petition, Petitioner filed the present federal habeas petition. The petition was file stamped by the Clerk of the Court on September 13, 2007.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the

---

[2] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). January 7, 2007 is the date the state petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. For the purposes of this discussion, the Court deems that the petition was filed on that date.

[3] September 6, 2007 is the date the federal petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date. See Saffold, 250 F.3d at 1268.

judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id. § 2244(d)(2).

The one-year statute of limitations also applies to habeas petitions that challenge administrative decisions. The Ninth Circuit Court of Appeals held in Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004), that section 2244's one-year time limit applies to all habeas petitions filed by persons in custody pursuant to a state court judgment. In cases challenging administrative decisions, the limitations period is determined by section 2244(d)(1)(D), which states that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 1066 (quoting 28 U.S.C. § 2244(d)(1)(D)). For an administrative decision, such as those by the Board, this typically means the day following notice to the petitioner of the decision. Id.; see also Redd v. McGrath, 343

F.3d 1077, 1084 (9th Cir. 2003).

In this case, the Board's denial became final on December 29, 2005. The limitations period began to run the following day, on December 30, 2005. Accordingly, Petitioner was required to file his federal habeas petition no later than December 30, 2006. See 28 U.S.C. § 2244(d). Therefore, his petition filed on September 6, 2007, more than eight months after the limitations period had expired, is untimely absent either statutory or equitable tolling.

I. Statutory Tolling

The present petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. As noted earlier, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 223 (2002). In California, where prisoners generally use the state's original writ system,[4] this means that the limitations period remains tolled during the intervals between a state court's

[4] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

Where a petitioner waits months to file a habeas petition in a higher court, a federal court must later determine whether the petitioner "delayed 'unreasonably' in seeking [higher state court] review." Carey, 536 U.S. at 225. If a petitioner delayed unreasonably, the application would no longer have been "pending" during the period at issue. Id. If the state court does not clearly rule on a petitioner's delay, as in the present case, the federal court must evaluate all "relevant considerations" and independently determine whether the delay was "unreasonable." Id. at 226.

The Supreme Court held that a determination of unreasonable delay is particularly difficult to make in California: "The fact that California's timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application . . . comes too late." Id. at 223. The Supreme Court held, however, that California's appellate system could be treated similarly to those in other states, which measure delays "in terms of a determinate time period, such as 30 or 60 days." Evans v. Chavis, 546 U.S. 189, 192 (2006). In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Carey, 536 U.S. at 222-23). Based on the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate

United States District Court
For the Northern District of California

deadlines, a delay of sixty days would likely be reasonable. On the other hand, a longer delay of six months would likely be unreasonable: "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. at 201.

Here, Petitioner is entitled to statutory tolling during the two-month period when his state habeas petition was pending in the San Bernardino County Superior Court. However, Petitioner is not entitled to statutory tolling during the 335-day period between the superior court's denial and the filing of his habeas petition in the appellate court. This 335-day period far exceeds the thirty-to-sixty days that the Supreme Court has suggested might constitute a reasonable delay which would justify statutory tolling. See Chavis, 546 U.S. at 197 ("only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court"). Therefore, the limitations period ran from the date of the superior court's denial on February 6, 2006 until Petitioner filed his state habeas petition in the appellate court on January 7, 2007. Petitioner is again entitled to statutory tolling for the seven-month period when he was pursuing his writ in the state appellate and supreme courts. The statute of limitations resumed running again on August 8, 2007, the date of the California Supreme Court's denial, and ran until September 6, 2007, the date Petitioner's federal habeas petition was filed, which is twenty-nine additional days. Therefore, a total of 364 days (335 days plus 29 days) can be counted towards the one-year limitations period. This calculation, which incorporates the

mailbox rule, indicates that the present federal petition is timely, having been filed with one day remaining.

Respondent argues that Petitioner filed his petition fifteen days late, or 380 days (344 days plus 36 days) after the limitations period began to run. However, Respondent did not apply the mailbox rule in calculating the timeliness of the petition.[5] Respondent also argues that Petitioner is not entitled to equitable tolling. However, the Court finds below that a portion of the limitations period should be equitably tolled.

II. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations, not a jurisdictional bar. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his

[5] According to Respondent, the limitations period started to run on February 6, 2006, the date of the superior court's denial, and ran until January 16, 2007, the date the state habeas petition was file stamped in the appellate court (344 days). The limitations period then resumed running again on August 8, 2007, the date of the California Supreme Court's denial, and ran until September 13, 2007, the date the federal habeas petition was file stamped (36 days).

untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

The grounds for granting equitable tolling are "highly fact dependant." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott, 304 F.3d at 920. When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed

liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006). Indeed, the purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court" and to "prevent the unjust technical forfeiture of causes of action." Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004).

Petitioner argues that, until he received a copy of the superior court's order, on January 3, 2007, he did not know whether his petition had been granted or denied. Moreover, Petitioner claims that the superior court took almost two months to send him the order after he requested it in November, 2006. (Opp'n at 2.) Without a copy of the order or knowledge of its contents, Petitioner could neither file a state habeas petition with the appellate court, nor initiate a federal habeas petition. Petitioner's inability to file a state habeas petition is a factor in determining whether he was unable timely to file a petition in federal court. See Gaston, 417 F.3d at 1034-35. His inability to pursue his state habeas petition constitutes "extraordinary circumstances," as contemplated by equitable tolling cases where delay was caused by such circumstances beyond the prisoner's control. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling warranted for inmate's eleven-month stay in ad-seg because he was denied access to legal papers despite his repeated requests for them); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (equitable tolling warranted when district court erroneously refused to accept petition for filing because of technical deficiency in cover sheet and lost body of petition by the time petitioner sent in corrected

cover sheet); Beeler, 128 F.3d at 1289 (withdrawal of attorney who was aiding putative habeas petitioner to prepare petition and whose work product was not usable by replacement attorney qualified as extraordinary circumstances). Thus, the Court finds that "extraordinary circumstances" stood in Petitioner's way of timely filing his federal petition. See id. However, the "extraordinary circumstances" and the resulting delay warrant equitable tolling only if Petitioner acted with due diligence. See Pace, 544 U.S. at 418.

Petitioner did not pursue his claim diligently during the 273-day period between February 6, 2006, when the superior court denied his petition unbeknownst to him, and November 6, 2006, when he first went to the prison law library for advice on contacting the superior court. Respondent argues that during this period Petitioner had constructive notice that he should have received a response from the superior court by February 16, 2006, forty-five days after the Attorney General filed an informal response to the petition. (Reply at 3 (citing Cal. R. Ct. 4.551(a)(5)).) California law requires a state court to "issue an order to show cause or deny the petition within 45 days after receipt of an informal response." Cal. R. Ct. 4.551(a)(5). Even if the statute of limitations ran during this 273-day period, it was equitably tolled as of November 6, 2006 because Petitioner acted with due diligence after that date.

As soon as Petitioner realized that he should have received the superior court's order, he diligently sought a copy of that order, writing to the court twice. Four days after he received a copy of the superior court's order, Petitioner promptly filed a

United States District Court
For the Northern District of California

habeas petition in the state appellate court, on January 7, 2007. The statute began to run again, and was not equitably tolled, when the California Supreme Court denied the petition on August 8, 2007, until Petitioner signed his federal petition on September 6, 2007, twenty-nine additional days. Thus, a total of 302 days (273 days plus 29 days) can be counted towards the limitations period. Because 302 days is well within the one year statute of limitations period, the present petition is timely.[6]

Accordingly, the Court DENIES Respondent's motion to dismiss the federal petition as untimely.

CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss the petition (docket no. 7) is DENIED.

2. Within ninety (90) days of the date of this Order, Respondent shall file an Answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon

---

[6] Petitioner also argues that he is entitled to equitable tolling because he is a Cuban immigrant with a limited ability to understand English and the American legal process. (Opp'n at 2.) Generally, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance" warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). However, because the Court finds other grounds for equitable tolling, it need not decide this issue.

Respondent within thirty (30) days of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date Petitioner is served with Respondent's Answer.

4. Petitioner must keep the Court informed of any change of address.

5. This Order terminates Docket no. 7.

IT IS SO ORDERED.

DATED: 3/10/09



CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PEDRO FELICIANO,

Plaintiff,

v.

BEN CURRY et al,

Defendant.
_______________________________________/

Case Number: CV07-04713 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pedro Feliciano C-59854
P.O. Box 689, ZW-321L
Soledad, CA 93960-0689

Dated: March 10, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California